[Upon a final hearing, the prisoner was released after giving a bond for $2,000. Case No. 14,901.]

## Case No. 14,902.

UNITED STATES v. CUMPTON et al.

[3 McLean, 163.] [1]

Circuit Court, D. Indiana. May Term, 1843.

PLEADING AT LAW—REJOINDER—DOUBLE ISSUE—NIL DEBIT.

1. A rejoinder must answer the replication.
2. It must tender an issue on a single point.

[1] [Reported b Hon. John McLean, Circuit Justice.]

3. If double, it is demurrable.
[Cited in Elminger v. Drew, Case No. 4.416.]
[Cited in brief in Wiard v. Semken, 8 Mackey, 476.]
4. The plea of nil debit is improper, where the action is founded on a deed.
5. If the deed be only inducement to the action, that plea is proper.

[This was an action by the United States against Cumpton, and Coleman, his surety, upon the official bond of Cumpton as post master.]

The District Attorney, for plaintiffs.
Mr. Bright, for defendants.

OPINION OF THE COURT. Cumpton, the defendant, having been post master, and failing to account, &c. the above action was brought on his official bond. He pleaded that he had in all things performed his duties faithfully, and accounted for monies received, &c. The plaintiffs replied that he did not at all times after the making of the said writing obligatory and the said condition thereof, well and truly observe, perform, fulfill or keep, all and singular the conditions, &c., in the said writing, as in said plea is alleged, but that he broke the same. 1. That he did not make returns every three months. 2. Rendered no account since the 2d April, 1840; and that between the 1st April and 30th of the same month divers sums came to his hands as post master. 3. That on the 13th April, 1840, there was in his hands the sum of sixty-eight dollars. To this the defendants rejoined: 1st. That the said Cumpton did heretofore, and before the commencement of this suit, to wit, the 5th July, 1841, at said district, render accounts of his receipts and expenditures as post master, to the general post office, which were then and there received. 2d. That said Cumpton, as post master, did not, at divers times between the 1st April, 1840, and the 10th of the same month, receive divers sums amounting to sixty-eight dollars, and that he does not owe. 3. That he owes nothing, &c. To this rejoinder the plaintiffs demurred.

The demurrer must be sustained. The rejoinder does not answer the breach, to which it was intended to apply. The breach assigned is, that the said Cumpton did not once in three months faithfully render accounts of his receipts, &c. as post master. The rejoinder is, that Cumpton, on the 5th July, 1841, rendered accounts, &c. which were received, &c. The law requires quarterly accounts to be rendered. Cumpton was post master from 6th November, 1838, to 13th April, 1841. The rejoinder is, therefore, defective in this, that it does not show or aver that accounts were rendered once in three months. The post office law imposes a penalty on post masters, who neglect to make their quarterly returns. They are liable to pay double the amount of postages, ordinarily received, in each quarter, if the quarterly

return be not made. The second part of the rejoinder is double, and is, therefore, demurrable. It denies certain allegations of the replication, and also avers that Cumpton owes nothing. The issue must be tendered on a single point, though it may include several facts. Here, however, two distinct issues are tendered. The third part of the rejoinder, which is nil debit, is also demurrable. This plea can never be pleaded when a specialty is the foundation of the action. It is proper in a case where the deed is mere inducement to the action. 1 Chit. Pl. 423; 1 Saund. Pl. & Ev. 406. The demurrer is sustained, and judgment.